## United States District Court

~~CENTRAL~~ DISTRICT OF ILLINOIS
NORTHERN

Darwin Ramirez,

Plaintiff

vs.

Director Godinez;
P.r.u. John Doe;
Angie Cross;

Defendant(s)

E-FILED
Friday, 07 November, 2014 02:09:07 PM
Clerk, U.S. District Court, ILCD

FILED
NOV - 7 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. 14-3342
(The case number will be assigned by the clerk)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

### COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown  Some claims unknown of it's section. Like false imprisonment etc. So Plaintiff wishes all claims not allowed under 1983 to be allowed under 28 USCS 1343(a)(3) § 1367(a) or whatever allows it to be brought up in this Court

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).* Also claim to 28 U.S.C. §§ 1343(a)(3) & 1367(a)

## II. PARTIES

A. Plaintiff:

Full Name: Darwin Ramirez

Prison Identification Number: R73420

Current address: 2500 Rte 99 So
Mt. Sterling, IL 62353

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

All Defendants at time of incidents acted under color of Law.

B. Defendants

Defendant #1:

Full Name: S.A. Godinez

Current Job Title: Director of Illinois Dept. of Corr.

Current Work Address: 1301 Concordia Court P.O. box 19277 Springfield, IL 62794; Downtown Chicago Illinois

Sue in individual & official capacity

Defendant #2:

Full Name: John Doe

Current Job Title: Prisoner Resource Unit

Current Work Address: 2500 rte. 99 So. Mt. Sterling, IL 62353

Sue in individual & official capacity

Defendant #3:

Full Name: Angie Cross

Sue in individual capacity

2

Current Job Title: Field ~~[illegible]~~ service.

Current Work Address 2500 rte 99 So. MT. Sterling, IL 62353

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal <u>in forma pauperis</u> in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒   No ☐

3

C. If your answer to B is yes, how many? __2__   Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   Ramirez V. Godinez 13-3362 / Ramirez V. William-Schafer  13-3363

2. Basic claim made  Deliberate indifferent, cruel & unusual ~~punished~~

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)   Pending as of today. One dismissed

For additional cases, provide the above information in the same format on a separate page.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☑   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☑   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence <u>Mt. Sterling, Ill ; District 1 as explained in petition.</u>

Date(s) of the occurrence <u>From 1·17·13 TO ON GOING</u>

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

<u>1st. clause of Action.</u>

Plaintiff was sentence to 6 yrs at 85% for a sex case. Plaintiff is from honduras. Plantiff is 24 yrs. old as of now. Plaintiff parole date was 1·17·13 and mandatory out date 12·11·13 <u>See</u> Ramirez out·date sheet. <u>EXHIBIT A·1</u>

Defendant Godinez is the director of Ill. dept of corr. ctr. It is the duty of department of Corrections to fund a halfway house for Inmates. <u>See attached exhibit A pg 1 & 2.</u>

Defendant Godinez is the director of Dept. of. corr. Defendant Godinez fail to fund and have a halfway house for plaintiff. Failing to do so has left plaintiff incarcerated in I.d.o.c. ~~past the out date~~. Subjecting plaintiff to false imprisonment, 14th due process violation, 8th Amendment cruel and unusual punishment.

Plaintiff can be sent to immigration if he has a host site or a approved halfway house for him. Plaintiff is a homeless inmate in this country. Plaintiff caught his case in Cook County & can only parole to the 1st. dist. The 1st district is Cook, Lake,

5

A HALFWAY HOUSE IN 1ST DISTRICT. and Will County, See Exhibit B, B1, B-2. Defendant S.A. Godinez has failed to Fund a halfway house for inmate in the 1st district, and with plaintiff's case. (sex case) A reasonable person would do so, and ~~[redacted]~~

This is negligence, gross negligence, willful & wanton negligence. Defendant Godinez failure to fund a halfway house in the 1st district for inmates and inmates with plaintiff case has subjected plaintiff to be incarcerated in prison over a year pass his out date. Also in other districts over Illinois there is halfway house for sex offender. See EXHIBIT B.2. Other inmates are also allowed to go to halfway houses on parole in district 1 with ~~[redacted]~~ other type of cases. Plaintiff is not because of his sex case. For Defendant Godinez to fund a halfway house for sex offender in other districts and a halfway house(s) in plaintiff district but fail to do so for sex offenders is subjecting plaintiff to discrimination and a equal protection violation a 14th Amendment Rights violation. Similar situated inmates are able to access halfway houses, shelters to parole to when they are deemed homeless and don't have a parole site of their own. ~~[redacted]~~

2nd Clause of Action. Defendant John Doe (Prisoner

6

Resource Unit) P.R.U. [Angie Cross] Duty is to find a halfway house or place for homeless inmates to go. They fail to do so for plaintiff and subjected him to be incarcerated pass a year after his parole date. The inactions of Defendants John Doe & Angie Cross subjects plaintiff to false imprisonment, cruel and unusual punishment and a Due process violation of the 14th Amendment. Failing to do so is also negligence, gross negligence, willful & wanton negligence. Defendants A. Cross & John Doe has/does find halfway houses and shelter for other inmates with different cases thereby discriminating agaisnt plaintiff for failure to find him one, leaving him in I.d.o.c. custody over a year pass his parole date. Defendants John Doe & Angie Cross finds halfway houses and shelters for similar situated inmates. Failure to do it for plaintiff subjects plaintiff to a Equal Protection violation. Defendants John Doe & Angie Cross leaving plaintiff in I.d.o.c. custody pass his parole date cause plaintiff Intentional infliction of Emotional distress.

As a direct & proximate result of Defendants actions, plaintiff has suffered and continues to suffer injury, including, without limitation, physical, psychological and emotional harm, mental anguish, distress, humiliation, and indignity. All claims in this complaint violates plaintiff's 8th, 5th & 14 Amendment Rights and violate plaintiffs state law rights.

7

## RELIEF REQUESTED

(State what relief you want from the court.)

- PAID FOR EACH DAY I BEEN LEFT IN PRISON FOR THE CLAIMS HEREIN. & not sent to a halfway house.
- Compensatory damages
- Punitive damages
- A declaration stating I.d.o.c. should fund a halfway house inmates with plaintiff's case
- Injunctive relief against the Defendants not to leave inmates incarcerated without a halfway house or shelter to parole to.
- Injunctive relief against the Defendants to enjoining them to provide a state contracted halfway house for homeless inmates with a sex case or have to be on house arrest.

JURY DEMAND     Yes ☒     No ☐

- Such other relief as this Court deems just and proper.

Signed this __Nov__ day of __04__, 20__14__.

Verified complaint pursuant to 28 U.S.C. 1746.

_Darwin Ramirez_
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Darwin Ramirez. | R73420 |
| Address: 2500 Rte 99 So, Mt Sterling, IL 62353 | Telephone Number: |

8

| Illinois Department of Corrections | ADMINISTRATIVE DIRECTIVE | Number | 05.06.148 |
|---|---|---|---|
| | | Page | 1 of 2 |
| | | Effective | 8/1/2000 |
| Section | 05 | Operations | |
| Subsection | 06 | Transfers | |
| Subject | 148 | Halfway House or Adult Transition Placement Notifications | |

I. **POLICY**

   A. **Authority**

   730 ILCS 5/3-2-2, 3-3-9, and 3-14-4

   B. **Policy Statement**

   Notification of the impending placement of a releasee in a halfway house or an adult transition center shall be made to the appropriate county and municipal law enforcement authorities within the time frames established by the Illinois Compiled Statutes.

II. **PROCEDURE**

   A. **Purpose**

   The purpose of this directive is to establish a written procedure for staff in regard to making proper notification to the appropriate county and municipal authorities about the placement of a releasee in a halfway house or adult transition center.

   B. **Applicability**

   This directive is applicable to the Adult Division of the Bureau of Operations.

   C. **Internal Audits**

   An internal audit of this directive shall be conducted at least annually.

   D. **Designees**

   Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

   E. **Definition**

   Halfway house - shall refer to a facility funded by the Department of Corrections which provides temporary housing for persons committed to the Department who are on release status.

   F. **General Provisions**

   1. Written notification and a photograph of the releasee with identifying information shall be forwarded to the State's Attorney and Sheriff of the county and the proper law enforcement agency of the municipality in which the halfway house or adult transition

| ADMINISTRATIVE DIRECTIVE | Effective 8/1/2000 | Page 2 of 2 | Number 05.06.148 |
|---|---|---|---|

   center is located not less than 15 days prior to the actual placement of a releasee.

   2. In an emergency case, the State's Attorney, the Sheriff, and the municipal law enforcement agency shall be notified by telephone, and written notification along with the releasee's photograph shall be forwarded to each of the county officials and the municipal law enforcement agency within five working days.

   3. No releasee shall be placed in any halfway house or adult transition center without the concurrence of the appropriate Parole Supervisor that statutory provisions and the requirements of this directive have been properly followed.

G. **Requirements**

   1. In the case of an inmate who is scheduled to be placed in a halfway house or adult transition center directly upon release from a correctional center, the Field Service Representative shall:

      a. Verify the placement; and

      b. Make the proper notification to the appropriate officials of the county and municipality within the specified time frames.

      **NOTE**: In the case of an inmate who is scheduled to be placed in a halfway house or adult transition center directly upon release from an impact incarceration program facility, the Field Service Representative shall ensure two Adult Transition Center identification cards for the inmate are forwarded to the appropriate halfway house or adult transition center.

   2. In the case of the placement of a releasee in a halfway house, the Parole Supervisor shall:

      a. Verify the placement; and

      b. Make the proper notification to the appropriate officials of the county and municipality within the specified time frames.

Authorized by:

Donald N. Snyder Jr.
Director

Supersedes:
05.06.148A-C          AD          3/1/1997

EXHIBIT A-1

4-C-58

**SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT**

NAME _Ramirez_    NUMBER _K83420_    DATE _9/16/08_

**(STEP 1) (A)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.) / (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 1) (B)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.) / (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 1) (C)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.) / (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 1) (D)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.) / (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 2)**

Yr. Mo. Day     6/6

+ _____ (Jail Credits-A)
+ _____ (Jail Credits-B)
+ _____ (Jail Credits-C)
+ _____ (Jail Credits-D)
  _____ (Total Jail Credits)

**(STEP 3)**       255 days

Yr. Mo. Day
07
08   12 8.26   (Old Custody/Sentence Date)
-       8 15   (Total Jail Credits)
07   12  11    (New Custody Date)

**(STEP 4)** MITTIMUS NO _08CR016350_

PROJECTED OUT DATE

Yr. Mo. Day
07   12  11    (New Custody Date)
+ 5   1   6    (Sentence Less) GCC)
13   1  17     (Projected Out Date)
                (Previous Time
+ or -          Lost/Awarded)
13   1  17     (Adj.Proj.Out Date)

**(STEP 5)**

MANDATORY OUT DATE

Yr. Mo. Day
07   12  11
+ 6            (New Custody Date) (Sentence)
13   12  11    (Mandatory OutDate)

Adj. Proj. Out Date _1-17-13_    Terminal Operator _____
Mandatory Out Date _12-11-13_    Date Entered _____
Calculated By _____

DC 1321 (Rev 10/96)
IL 426-00521

Exhibit B

August 11, 2014

TO:         Ramirez             R73420          1-D-35

FROM:       A. Cross
            Field Services

SUBJECT:    Response to Resident Request

If you are homeless, you must parole to your committing district. A list is kept of all the homeless sex offenders, so that if something ever changes and sex offender beds do become available, they know who the people are that would be eligible for those beds.

Exhibit B1

January 6, 2014

TO:		Ramirez		R73420		1-D-35

FROM:	A. Cross
		Field Services

SUBJECT:	Response to Resident Request

Cook, Lake, and Will counties are District 1, but because of your requirement to register, there are no halfway houses in these counties that IDOC can approve as placement for you.

January 3, 2014

TO:		Ramirez		R73420		1-D-35

FROM:	A. Cross
		Field Services

SUBJECT:	Response to Resident Request

You are not eligible for Another Chance Ministries. Since you committed your offense in District One, you cannot parole to a halfway house in District Four, which is where Another Chance is located.

EXHIBIT B·2

United States District Court
Central District of Illinois

Darwin Ramirez
    Plaintiff
V.
Godinez et al.,                    Case no. _____

Memorandum of Law.

Defendants Godinez, John Doe, & Angie Cross refuse to fund/find and or send plaintiff to a halfway house or shelter thus violating plaintiff's rights as mentioned in the attached complaint.

So without challenging his duration of confinement, plaintiff wishes to challenge conditions of confinement. Being release to a halfway house or shelter will have plaintiff still on parole/M.S.r. Parole and m.s.r. is still considered incarceration see: Jones V. Cunningham, 371 U.S. 236, 240-43 (1963) POST-RELEASE SUPERVISION, admitting the possibility of revocation and additional jail time is considered to be in custody.

Therefore ~~plaintiff~~ plaintiff is allowed to bring forth claims challenging conditions of confinement, and plaintiff because of his case is being discriminated against. <u>Santiago v. miles</u>, 774 F. Supp. 775 (W.D.N.Y) <u>Johnson v. California</u>, 543 U.S. 499 (2005).

Similarly situated inmates with no parole site or homeless have a halfway house or shelter funded for them. Not finding or funding one for plaintiff is a equal protection violation. It is also not rationally related to a legitimate government purpose. <u>Doe v. Sparks</u>, 73 F. Supp. 227 (W.D. Pa. 1990). <u>Holmes v. Artuz</u>, 1995 WL 634995. <u>Bass v. Santa Cruz Dept of Corr Sup'rs</u>, NO. 94-20679 JW, 1994 WL 618554 (N.D. Cal Oct. 27 1994).

Plaintiff relies on these claims and on in the attached complaint.

/S/ Darwin Ramirez
R73420
2500 Rte 99 So.
Mt. Sterling, IL
62353

Pursuant to 28 USC. §1746 I Declare under penalty of perjury.

United States
District Court.
Central District of Ill

Darwin Ramirez
V.
Godinez.

To: clerk of Court,

Our law library is close for 2 weeks. May be More. Please E-file this complaint, Motion for Counsel, Memo of Law & Motion to proceed as a poor person for me.

s/ Darwin Ramirez
R73420
2500 rte 99 So.
Mt. Sterling IL 62353

28 USC § 1746
Declare all is true
under penalty of
perjury.